UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOSE A. QUINONES,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　　Defendant. | No.  CV 08-7225 AGR<br><br>MEMORANDUM OPINION AND ORDER |

　　　　Plaintiff Jose A. Quinones  ("Quinones") filed a Complaint on November 13, 2008.  Pursuant to 28 U.S.C. § 636(c), the parties filed Consents to proceed before Magistrate Judge Rosenberg on December 29, 2008 and February 24, 2009.  (Dkt. Nos. 8-9.)  The parties filed a Joint Stipulation ("JS") on June 25, 2009, that addressed the disputed issues in the case.  The Commissioner filed the certified administrative record ("AR").  The Court has taken the Joint Stipulation under submission without oral argument.

　　　　Having reviewed the entire file, the Court affirms the decision of the Commissioner.

///

///

///

# I.

## PROCEDURAL BACKGROUND

On April 26, 2006, Quinones filed an application for supplemental security income benefits, alleging a disability onset date of January 1, 2000. AR 8. The application was denied initially and upon reconsideration. AR 68-69. On May 16, 2008, the Administrative Law Judge ("ALJ") conducted a hearing at which Quinones, his fiancee, and a vocational expert testified. AR 17-63. On June 27, 2009, the ALJ issued a decision denying benefits. AR 5-16. Quinones filed a request for review of the ALJ's decision. AR 4. On September 5, 2008, the Appeals Council denied the request for review. AR 1-3. This lawsuit followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, "substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner. *Moncada*, 60 F.3d at 523.

///

# III.

# EVALUATION OF DISABILITY

## A. Disability

"A person qualifies as disabled, and thereby eligible for such benefits, only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and internal quotation marks omitted).

## B. The ALJ's Findings

Following the five step sequential evaluation process for determining disability, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006), the ALJ found that Quinones has the following medically determinable impairments that, in combination, are severe: hypertension; diabetes mellitus 2, uncontrolled; obesity; gastroesophageal reflux disease; atypical chest pain; low back pain with degenerative disk disease of the lumbosacral spine; osteoarthritis of bilateral knees; history of gout; and anxiety disorder not otherwise specified.  AR 10.  Quinones had the residual functional capacity to perform medium work and "is able to lift and/or carry 50 pounds occasionally and 25 pounds frequently, sit, stand and/or walk for about six hours in an eight-hour workday, with occasional postural limitations."  AR 12.  Quinones is able to perform his past relevant work.  AR 15-16.

## C. Treating Physician's Opinion

Quinones argues that the ALJ erred in stating "[t]here is no evidence in the record that any doctor has prescribed a cane or other assistive device.  At the hearing, the claimant testified that he used a cane and a walker, but neither had been prescribed."  JS at 3 (quoting AR 15).  Quinones denies testifying that the cane and walker were not prescribed.  JS at 3.

Quinones has not shown error. Quinones does not point to any treating physician opinion or prescription for a cane or walker in the record, and the court has located none. Quinones testiifed that "I have a walker that I'll use if I need to when I get real, real bad." AR 32. Although sometimes he can get by, "[s]ometimes I'll be a little worse and I'll have to use my cane."[1] *Id.* When asked whether the cane and walker were prescribed, Quinones responded: "No, not the ones that I have right now, no. I just, I picked them up when I needed them." AR 33. Quinones explained that "I had them prescribed when I was in, in Chino when I was in prison." *Id.* He had an accident in prison, could not walk for a period of time, and was in a wheelchair. *Id.* However, the prison records do not indicate a prescription for a cane or walker. AR 206.

Only one entry in the prison medical records indicates that Quinones was "on wheelchair." AR 256. The first entry on September 30, 2005 indicates that Quinones complained of dizziness and chest pain, but does not indicate that he was on a wheelchair. *Id.* He was referred, and the second entry on that date indicates "on wheelchair." *Id.* Quinones did not testify that he used or needed a wheelchair other than the one episode in prison.

The ALJ did not reject any treating source opinion or prescription, and did not err.

**D.    Credibility**

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).

At step one, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (citations omitted). Here,

---

[1] Quinones reported occasional use of a cane to the consultative examiner in August 2006. AR 338. Quinones reported use of an assistive device "in the past" in May 2007. AR 392.

the ALJ found that Quinones' "medically determinable impairments could reasonably be expected to produce the alleged symptoms." A.R.14.

"Second, if the claimant meets this first test, and there is no evidence of malingering,[2] 'the ALJ can reject the claimant's testimony about the severity of h[is] symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (citations omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted). "If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2001); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).

The ALJ found that Quinones' "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment." A.R. 14. The ALJ relied upon two factors: (1) inconsistency between Quinones' testimony and treatment records as to his compliance with medications; (2) the objective medical evidence indicating Quinones is able to work. A.R. 14-15.

"Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Quinones argues that the ALJ erred in rejecting his complaints of not being able to walk without pain based on his physical examinations showing that his gait was within normal limits. JS at 8. Quinones argues that the examinations do not foreclose the possibility that he could not walk either before or after the examinations. *Id.* Even assuming without deciding that the medical evidence could support conflicting inferences, the court must defer to the Commissioner

---

[2] The ALJ did not find that Quinones was a malingerer.

where the evidence is susceptible to more than one rational interpretation. *Moncada*, 60 F.3d at 523. Quinones further argues that he did not testify that the cane and walker were not prescribed. JS at 8. Even assuming that the ALJ's decision could be read to say that Quinones so testified, the ALJ's statement is supported by substantial evidence. As noted above, Quinones testified that the cane and walker he has now were not prescribed. AR 33. Although Quinones testified that they were prescribed in prison, *id.*, prison records do not contain a prescription for a cane or walker. AR 206. Finally, any use of a wheelchair in prison was temporary. AR 256. Substantial evidence supports the ALJ's reason for discounting credibility based on the objective medical evidence. *See Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) (ALJ may discount claimant's testimony based on objective medical evidence), *cert. denied*, 128 S. Ct. 1068 (2008).

Noncompliance with treatment may form the basis for an adverse credibility finding. *Burch*, 400 F.3d at 681 (lack of consistent treatment may be considered in assessing credibility as to severity of pain); *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (en banc) (noncompliance with prescribed course of treatment is a relevant factor in assessing credibility). Quinones does not dispute this finding in the Joint Stipulation. *See Lewis v. Apfel*, 236 F.3d 503, 513-14 (9th Cir. 2001) (where evidence of compliance conflicted, ALJ could conclude claimant was noncompliant with taking medications).

Accordingly, the ALJ's credibility finding is supported by substantial evidence.

**F.   Lay Witness Testimony**

Quinones' fiancee testified, in summary, that "[h]e pretty much can't do anything." JS at 12 (quoting AR 56-57). She does not encourage him to find work because it would be impossible. (JS at 12-13 (AR 58-59).

When an ALJ discounts a lay witness' testimony, the ALJ must give "'reasons that are germane to each witness.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted). The ALJ found the girlfriend's testimony to be overstated, such as

having to bathe Quinones. AR 15. Quinones argues that the ALJ did not state in the same paragraph the evidence he used to find that the girlfriend's testimony was overstated. JS at 13. While that may be true, the court is not precluded from examining other parts of the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001) (affirming ALJ's rejection of family members' testimony based on contradictions in the record in other portions of the decision). The ALJ noted that the examining physician found no physical functional limitations. AR 13. The examining physician found normal range of motion in the cervical and lumbar spine, and the upper and lower extremities. He also found normal grip and motor strength. AR 14, 394-95. Given these findings, the fiancee's testimony appears overstated. Objective medical evidence provides a valid basis for discounting lay witness testimony. *Lewis*, 236 F.3d at 511.

The ALJ also discounted Quinones' fiancee's testimony because of her financial interest in the outcome. AR 15. An ALJ may consider evidence that a specific witness "exaggerated a claimant's symptoms *in order* to get access to his disability benefits." *Valentine v. Comm'r of the Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (emphasis in original). On the other hand, an ALJ should avoid rejecting a family member's testimony simply on the witness' interested party status because such a reason is not germane to the particular witness. *Id.* Any error here is harmless. *Id.* at 694.

**IV.**

**CONCLUSION**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: September 25, 2009

ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE

7